IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ROBERT MCCUTCHEON AND ANTONIO TRUITT, <br><br> Plaintiffs, <br><br> vs. <br><br> DYVIS, INC., <br><br> Defendant. | CIVIL ACTION FILE NO.: <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Robert McCutcheon and Antonio Truitt (collectively, "Plaintiffs") in their Complaint against Defendant Dyvis, Inc. ("Defendant" or "Dyvis"), and show the Court as follows:

## INTRODUCTION

1. This is an action arising out of the Fair Labor Standards Act (the "Act" or "the FLSA"), 29 U.S.C. §§ 201-216. Plaintiffs are residents of the State of Georgia and are former employees of Dyvis, the FLSA employer of Plaintiffs for the relevant period of time.

2. Plaintiffs served in the capacity of hourly paid drivers while working at Dyvis' Georgia location. Plaintiffs bring this action to recover from Defendant

unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), as described below.

3. Between the commencement of Plaintiffs' employment through the termination of their employment, Plaintiffs worked between sixty (60) and seventy-two (72) hours per week most weeks. Nevertheless, Dyvis had a known and stated (by Dyvis) policy of not paying the overtime premium, a/k/a time and one-half the normal rate for all hours worked over 40 hours weekly. Consequently, Plaintiffs were never paid time and one-half wages for any hours worked over 40 hours weekly as required by the Fair Labor Standards Act.

## THE PARTIES AND JURISDICTION AND VENUE

4. At all times relevant hereto, Dyvis was and is a Georgia corporation doing business in this judicial district with an office located at 209 New Hutchinson Mill Road, LaGrange, Georgia 30240. Dyvis is subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

5. Defendant's business activities involve those to which the Fair Labor Standards Act applies, and Defendant is an employer under the FLSA, 29 U.S.C. § 203.

6. Plaintiff McCutcheon is a Georgia resident who worked for Defendant from April 2014 through October 2015. Plaintiff McCutcheon served as a local driver hauling doors from LaGrange, Georgia to the Kia plant in West Point, Georgia.

7. Plaintiff Truitt is a Georgia resident who worked for Defendant from March 2013 through December 2014. Plaintiff Truitt served as a local driver hauling door panels and seats from La Grange, Georgia and West Point, Georgia (respectively) to the Kia plant in West Point, Georgia.

8. This Court has original jurisdiction over the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337.

9. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## FACTUAL ALLEGATIONS

10. Plaintiff McCutcheon's duties involved transporting doors from La Grange, Georgia to the Kia plant in West Point, Georgia (approximately 7 miles) from approximately April 2014 through October 2015.

11. Because Plaintiff McCutcheon was dedicated to these intrastate deliveries, he could not be reasonably expected to make interstate runs for Defendant. The doors transported by Plaintiff McCutcheon were new commodities, ones that had been materially changed in character, utility, and value in La Grange,

Georgia prior to delivery at the Kia plant. Similarly, the doors delivered to Kia were combined with other products to become new commodities, ones that had been materially changed in character, utility, and value. As such, these shipments from La Grange, Georgia to the Kia plant in West Point, Georgia could not constitute a practical continuity of movement between this purely intrastate segment and any interstate segment

12.    Plaintiff Truitt's duties involved transporting seats from West Point, Georgia to the Kia plant in West Point, Georgia (approximately 2-3 miles) from approximately September 2013 through December 2014.

13.    Because Plaintiff Truitt was dedicated to these intrastate deliveries, he could not be reasonably expected to make interstate runs for Defendant. The seats transported by Plaintiff Truitt were new commodities, ones that had been materially changed in character, utility, and value in West Point, Georgia prior to delivery at the Kia plant. Similarly, the seats delivered to Kia were combined with other products to become new commodities, ones that had been materially changed in character, utility, and value. As such, these shipments from West Point, Georgia to the Kia plant in West Point, Georgia could not constitute a practical continuity of movement between this purely intrastate segment and any interstate segment.

14. Defendant never paid time and one-half overtime to the hourly, nonexempt Plaintiffs, despite the fact that they regularly worked more than 40 hours per week.

15. Defendant's violations were willful and knowing.

16. In fact, Dyvis was requested to pay the overtime premium and refused to do so. There were frequent discussions with Dyvis' management regarding Dyvis' failure to pay the overtime premium at Dyvis' monthly safety meetings, but the concerns raised by Plaintiffs and others at these meetings were ignored by their supervisor, who, on information and belief, has the surname "Lee."

17. Plaintiffs McCutcheon and Truitt both personally complained about the failure to pay overtime but were only told "we'll see" and/or "we're working on it" by Supervisor Lee in response, but no overtime premiums were ever paid.

## COUNT I – FLSA VIOLATIONS

18. Plaintiffs re-allege paragraphs one (1) through seventeen (17) and herein incorporate them by reference to this count.

19. Defendant's policy, as stated above, has caused Plaintiffs to be deprived of wages due to them.

20. Defendant's policy as stated above, constitutes a willful violation of the FLSA, 29 U.S.C. §§ 207, requiring overtime wages to be paid for all hours worked

over 40 in a week, and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. 785.

21. Under 29 U.S.C. 216(b), Defendant is liable to Plaintiffs in the amount of their overtime wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray this Court grant the following relief:

a. A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b. An award of past due wages for all Plaintiffs for the period September 16, 2013 – September 16, 2016, together with interest thereon;

c. That this Court award Plaintiffs liquidated damages, together with interest thereon;

d. That this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

e. That Plaintiffs be awarded prejudgment interest, their costs and disbursements herein; and

f. Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 16th day of September, 2016.

          By: /s/ Douglas R. Kertscher
             Douglas R. Kertscher
             Georgia Bar No. 416265
             Jennifer L. Calvert
             Georgia Bar. No. 587191
             **HILL, KERTSCHER & WHARTON, LLP**
             3350 Riverwood Parkway, Suite 800
             Atlanta, GA 30339
             Tel: (770) 953-0995
             Fax: (770) 953-1358
             Email: drk@hkw-law.com
                jc@hkw-law.com